IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID W. LIPFORD,
    Petitioner,

vs.　　　　　　　　　　　　　　　　　　　Case No.: 5:13cv244/MMP/EMT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 14). The court provided Petitioner an opportunity to file a response to the motion (doc. 16), but as of the date of this Report and Recommendation, he has not done so.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The procedural background of this case is established by the state court record (doc. 14).[1] Petitioner was charged in the Circuit Court in and for Jackson County, Florida, Case Nos. 1992-CF-579, 1992-CF-580, 1992-CF-581, 1992-CF-681, and 1992-CF-682, with one count of kidnapping

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 14) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

(Count I), one count of escape (Count II), one count of conspiracy to commit escape (Count III), one count of aggravated assault on a correctional officer (Count IV), and one count of depriving an officer of means of communication (Count V) (Ex. A). On December 17, 1997, a jury found him guilty as charged (Ex. D). The court sentenced Petitioner as a habitual violent felony offender ("HVFO") to life imprisonment on Count I; a term of thirty (30) years of imprisonment on Count II, to run consecutively to the sentence on Count I; a term of five (5) years of imprisonment on Count III, to run consecutively to the sentences on Counts I and II; a term of five (5) years of imprisonment on Count IV, to run consecutively to the sentences on Counts I, II, and III; and a term of five (5) years of imprisonment on Count V, to run consecutively to the sentences on Counts I, II, III, and IV, with pre-sentence jail credit of 181 days (Exs. E, F, G).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D98-0242 (Ex. H). On June 2, 1999, the First DCA affirmed the convictions but vacated the sentences and remanded for resentencing (Ex. K). Lipford v. State, 736 So. 2d 62 (Fla. 1st DCA 1999).

On August 31, 1999, Petitioner was resentenced as a HVFO to the same terms of imprisonment, but the sentences were ordered to run concurrently, and Petitioner was allowed sentence credit for all time previously served in the Department of Corrections prior to resentencing (Exs. L, M). Petitioner did not appeal the judgment.

On June 10, 2012, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. N at 1–7). The state circuit court summarily denied the motion in an order rendered October 1, 2012 (*id.* at 20–22). Petitioner appealed the decision to the First DCA, Case No. 1D12-6178 (Ex. O). The First DCA affirmed the decision per curiam without written opinion, and denied Petitioner's motion for rehearing on March 28, 2013 (Exs. O, P). Lipford v. State, 109 So. 3d 786 (Fla. 1st DCA 2013) (Table).

Petitioner filed the instant habeas action on July 4, 2013 (doc. 1 at 12). He challenges his life sentence on the ground that state sentencing statutes are ambiguous and should be interpreted to permit a maximum sentence of only thirty (30) years on Count I (*id.* at 4–9, 11).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (doc. 14 at 4–5). The judgment on resentencing is the judgment that triggered the federal limitations period. *See* Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . . .'"); *see also* Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period, because judgment is based on both conviction and sentence). The judgment and sentence in Petitioner's case (upon resentencing) was rendered August 31, 1999.

That judgment became final thirty (30) days later, on October 1, 1999.[2] *See* Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); Hampton v. State, 837 So. 2d 611 (Fla. 5th DCA 2003) (when defendant did not directly appeal his conviction, the judgment and sentence became final 30 days after they were rendered); Davis v. State, 693 So. 2d 700 (Fla. 2d DCA 1997) (judgment and sentence become final when 30-day period to file notice of appeal expires); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (if defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing direct appeal expires). Petitioner had one year from that date, or until October 1, 2000, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Petitioner filed his Rule 3.800 motion on June 10, 2012. However, that motion did not toll the federal limitations period, because the limitations period had already expired on October 1, 2000. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, statutory tolling does not save Petitioner's federal petition from dismissal.

---

[2] According to the Florida rules governing appeal proceedings in criminal cases, Petitioner had thirty (30) days following rendition of the order imposing sentence to file a notice of appeal. In the instant case, the written order imposing the judgment and sentence was rendered on August 31, 2009. *See* Fla. R. App. P. 9.020(h) (order is rendered when signed, written order is filed with clerk of lower tribunal). The day the order was rendered is excluded from the 30-day calculation; therefore, the period for seeking an appeal began to run on September 1, 2009. *See* Fla. R. App. P. 9.420(f). Thirty (30) days from that date was October 1, 2009.

Case No.: 5:13cv244/MMP/EMT

Petitioner contends federal review of his claim is necessary "to prevent a fundamental miscarriage of justice" (doc. 1 at 11). The fundamental miscarriage of justice exception upon which Petitioner relies derives from the "miscarriage of justice" or "actual innocence" exception recognized by the Supreme Court as applicable to constitutional claims that were procedurally defaulted in state court and thus barred from consideration by federal habeas courts. *See* Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1334 (11th Cir. 2008). This exception requires the petitioner to present "reliable evidence . . . not presented at trial" such that "it is more likely than not that no reasonable juror would have convicted him of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup, 513 U.S. at 324 (internal quotation mark omitted)). Neither the Supreme Court nor the Eleventh Circuit has decided whether the Suspension Clause of the Constitution requires an actual innocence exception to the AEDPA's one-year filing window, because no petitioner has yet made a threshold showing of actual innocence. *See* Rozelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011–12 (11th Cir. 2012).

Petitioner has not made a threshold showing here. To support a claim of actual innocence, a time-barred § 2254 petitioner must present "new reliable evidence" such that it is more likely than not that "no reasonable juror would have convicted him in light of the new evidence." Schlup, 513 U.S. at 324, 327 (citing "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" as examples of "new reliable evidence"). Here, Petitioner has not presented any new evidence of his actual innocence of the underlying offenses. Therefore, he has not made a threshold showing of actual innocence to open the "fundamental miscarriage of justice" gateway, assuming one exists to the AEDPA's one-year time limitation. Accordingly, the § 2254 petition should be dismissed with prejudice as time-barred.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

Case No.: 5:13cv244/MMP/EMT

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 14) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 7th day of February 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:13cv244/MMP/EMT